575 S.E.2d 559

**In the Matter of Stephen M. PSTRAK, Respondent.**

No. 25580.

Supreme Court of South Carolina.

Submitted Dec. 19, 2002.

Decided Jan. 13, 2003.

Henry B. Richardson, Jr., and Susan M. Johnston, both of Columbia, for the Office of Disciplinary Counsel.

Stephen M. Pstrak, of Lexington, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension not to exceed eight months. We accept the agreement and find an eight month suspension from the

practice of law is the appropriate sanction. The facts, as set forth in the agreement, are as follows.

### Facts

In or around July 2000, respondent represented a client who had been charged with speeding. Respondent sent a letter to the Clerk of Court for the Spartanburg Central Court setting forth the following as a possible disposition of his client's charge:

1. Noll Pross, treating the matter as a **warning** to be more responsible in the future, seeking restitution rather than retribution, as a professional courtesy. You are prosecuting this matter in the County of Spartanburg. I am representing and advising my client and am the town prosecutor for the Town of Gilbert in Lexington County, South Carolina. Gilbert, as the county seat of Spartanburg, is a member of the Municipal Association of South Carolina. Spartanburg's Attorney, H. Spencer King and I are members of South Carolina Municipal Attorney's Association. I plan to vacation with Mayor Talley at the Municipal Association annual meeting in July. **Please allow every possible consideration for treating this matter as a warning.**

Respondent acknowledged that he is not, nor has he ever been, the town "prosecutor" for Gilbert, South Carolina. Respondent is the appointed attorney for the Town of Gilbert. He represents the Town of Gilbert in instituting and defending all actions at law and appears on behalf of the town, and any of its officers, in legal proceedings in which the town or its officers may be a party or have an interest. Respondent does not prosecute criminal cases for the town.

Respondent also acknowledged that he does not personally know H. Spencer King or Mayor Talley and that he never "vacationed" with Mayor Talley. Accordingly, respondent's representations concerning Mr. King and Mayor Talley were misleading. Respondent sought, through these misrepresentations, to improperly influence the court, the clerk of court and/or the state trooper to base the disposition of his client's speeding ticket on respondent's acquaintances rather than make such decisions according to law.

In representing another client charged with speeding, respondent sent a letter to the Richland County Central Traffic Court, to the attention of "Clerk of Court, Presiding Judge, Officer Bryant [and] Officer Gentry," asking that his client's charge be nolle prossed as a professional courtesy and advising that he was "the city prosecutor for a city in Lexington County. . . ." In this same letter, respondent stated, "I am the Director of the South Carolina Trooper's Coalition. [My client] has made a very large donation in the past and is willing to do so again now if he is able to continue driving and flying . . . in the Air National Guard." In a subsequent letter to City Attorney Dana Thye, respondent stated, "If treating the matter as a **warning** is not agreeable, [my client] is willing to cheerfully make a contribution to the City Police Department Benevolent Society charity ball or similar concern as a good-faith gesture of his regret for this pending matter."

Finally, in representing a third client charged with speeding, respondent wrote the Clerk of Court for the Town of Wagener and the arresting officer and again advised that he was the town prosecutor for Gilbert, South Carolina.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 7.1(a)(a lawyer shall not make a material misrepresentation of fact about the lawyer); Rule 8.4(e)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(f)(a lawyer shall not state or imply an ability to influence improperly a government agency or official).

### *Conclusion*

In our opinion, respondent's misconduct warrants an eight month suspension from the practice of law. As a condition of reinstatement, respondent shall submit the name of a lawyer who, upon approval by this Court, will serve as a mentor for respondent for one year following reinstatement. Within fifteen days of the date of this opinion, respondent shall file an

affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.